Whitaker, Judge,
dissenting:
I think the motion for a new trial in this case should be granted.
The parties agree that the defendant was delayed because there was an insufficient supply of labor; the defendant granted plaintiff an extension of time of 149 days on this account; and the proof convinces me that there was an adequate supply of relief labor on the rolls available for reference to this job. It was not referred to it because the Works Progress Administration refused to furnish to the United States Employment Service the names of men then on relief for referral to this job since the job was in a remote section of the county and transportation facilities were meager and expensive, and the amount a laborer could earn on the job was small. However, the project was established for the benefit of the people in this community on relief in order to take them off of relief and provide employment for them on this project. From this I think there arose an implied agreement on the part of the defendant to furnish plaintiff with relief labor to the extent that such labor was available to it.
*659 If it later developed that it did work an undue hardship on these laborers to refer them to the job then this provision of the contract should have been waived.
It is true that the Works Progress Administration did exempt plaintiff from the requirement of securing certain of its labor from the relief rolls, but this exemption proved inadequate; plaintiff still was unable to get an adequate supply of labor. In this situation and with relief labor in hand adequate to have supplied plaintiff’s needs, the obligation was on the defendant either to do all it could do to furnish this relief labor or to waive this article of the contract altogether and permit plaintiff to get its labor where it could. It did neither and as a result thereof the plaintiff was damaged. Plaintiff was entirely without fault, so far as I can see, and in my opinion it is entitled to recover the damage that it has suffered as a result of the defendant’s breach of its implied obligation.
Jones, Judge, took no part in the decision of this case.